**FRISCO, Petitioner, v. ALVIS, Warden, Ohio Penitentiary, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 5343.   Decided November 23, 1955.

Charles Frisco, No. 66,956, for Himself.

Hon. C. William O'Neill, Atty. Genl., Roger B. Turrell, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By MILLER, PJ.

This is an action in habeas corpus wherein the petitioner, Charles Frisco, alleges that he is being unlawfully restrained of his liberty by the respondent who is the warden of the Ohio Penitentiary.

The record reveals that at the January, 1931, term of the Cuyahoga County Grand Jury the following indictment was returned:

"THE STATE OF OHIO ) SS.
 CUYAHOGA COUNTY )
                 )

"Of the term of January. In the year of our Lord one thousand nine hundred and thirty-one.

"The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO.

"Do Find and Present, That Charles Frisco on the 16th day of January 1923 at the County aforesaid, was duly prosecuted and convicted upon a charge of Grand Larceny of certain property of the value of $50.00 from one Frank Powell, committed on the tenth day of October, 1922 in Cause No. 24716 of the Court of Common Pleas, Criminal Branch, Cuyahoga County, Ohio;

"AND WE DO FURTHER FIND AND PRESENT that on the 16th day of January, 1923 the said CHARLES FRISCO was duly prosecuted and convicted upon a charge of Assault to Rob committed upon one George Bara on the 11th day of December, 1922, in Cause No. 24718 in the Court of Common Pleas, Criminal Branch, Cuyahoga County, Ohio;

"AND WE DO FURTHER FIND AND PRESENT that on the 23rd day of December, 1926, the said CHARLES FRISCO was duly prosecuted and convicted upon a charge of Burglary & Larceny of the property of one Dave Szanyi, 2662 Tennyson Avenue, in Cause No. 31888 in the Court of Common Pleas, Criminal Branch, Cuyahoga County, Ohio.

"AND WE DO FURTHER FIND AND PRESENT THAT CHARLES FRISCO was duly prosecuted and convicted on the 6th day of January, 1931 on a charge of robbery of one William Risin, committed on the 26th day of November, 1930, in Cause No. 38195 in the Court of Common Pleas, Criminal Branch, Cuyahoga County, Ohio;

"AND WE DO FURTHER FIND AND PRESENT that by virtue of the aforegoing prosecutions and convictions, the aforesaid defendant is an habitual criminal under §13744-2 GC, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio."

The record further reveals that in response to said indictment a plea of guilty was entered and sentence imposed, to wit:

"THE STATE OF OHIO )
              vs.  ) Indictment for VIOL. SECTION
       Charles Frisco ) 13744-2 HABITUAL CRIMINAL
                   )

"The said Charles Frisco having made a plea of guilty of Viol. §13744-2 GC as charged in the indictment. It is therefore the sentence

of the Court that he be imprisoned in the
                    PENITENTIARY
of this State, and kept at hard labor, (No part of said time to be kept
in solitary confinement), until legally discharged for the balance of his
natural life, and that he pay the costs of this prosecution, taxed at
Twenty-four and 79/100 ($24.79) DOLLARS.

"I CERTIFY the above to be a true copy of said Judgment and
Sentence. Given under my hand and the seal of said Court, this 17th
day of February 1931.

                              Thomas C. Cook Pro Tem
                              Clerk,
(SEAL)                        By /s/ Frank Moraver, Deputy."

It is urged by the petitioner that he was unlawfully convicted of
the offense of being an habitual criminal for the reason that the in-
dictment does not speak the truth in that he was not convicted of grand
larceny in case No. 24,716. He contends further that some of the con-
victions set forth in the indictment were for offenses simultaneously
committed and therefore constituted only one offense; that therefore
there was no third conviction as required by §13744-2 GC; that by
reason of the illegality of the sentence the rights and privileges guar-
anteed to him by Section 1 of the Thirteenth Amendment to the United
States Constitution have been infringed and abridged; that he has been
placed in jeopardy twice for the same offense in violation of **Article I,
Section 10 of the Ohio Constitution** and the Fifth Amendment to the
United States Constitution.

It is also urged that since some of the offenses were committed prior
to the enactment of the habitual criminal act in 1929, that the law is
ex post facto in this case and therefore in violation of **Article II, Section
28 of the Constitution of Ohio.**

The constitutional question presented may not be considered in this
proceeding for it was held by our Supreme Court in the case of **Calhoun
v. Russell, 154 Oh St 81,** that:

"A writ of habeas corpus may not be employed as a substitute for
the remedy of appeal or as a means for testing the constitutionality of
a statute or ordinance where the court in which the conviction was ob-
tained had the jurisdiction to determine that question. (**Ex parte Elicker,
117 Oh St 500,** and **Yutze v. Copelan, 109 Oh St 171,** approved and fol-
lowed.)"

We also hold that the truth of the charges set forth in the indict-
ment may not be considered in a habeas corpus proceeding. Even if we
could do so it appears that a plea of guilty was entered; hence the cor-
rectness of the factual charges contained in the indictment was admitted.

The only question presented to us is whether the indictment charges
an offense, and if so, did the court have jurisdiction to pronounce the
sentence that was imposed upon this petitioner? Our examination of
the indictment compels us to conclude that an offense was properly
charged under §13744-2 GC (§2961.12 R. C.) and the Court of Common
Pleas for Cuyahoga County being a court of general jurisdiction had
jurisdiction to impose this sentence in accordance with law. The sen-
tence was so pronounced and therefore no cause of action has been

established. The only remedy for a review of alleged errors or irregularities in the conduct of a criminal trial is by appeal and not by habeas corpus. **In re Stewart, 156 Oh St 521.**

The writ will be denied.

HORNBECK, J, concurs.
WISEMAN, J, not participating.